## SUPREME COURT.

CHARLES D. WICKER and others agt. ISAAC D. HARMON and others.

Although an order of *arrest* in an action on contract may be granted upon facts entirely independent of those necessary to be stated in the complaint, yet, where in such action the statements in the complaint are inconsistent with material allegations contained in the affidavits upon which the order of arrest is founded, no order should be allowed.

Thus, where the plaintiffs alleged in their affidavits as a ground for an order of arrest that the defendant falsely represented that another person was authorized to indorse the name of the payee on a bill of exchange, whereby the plaintiffs were induced to discount the said bill, when the person so indorsing had no authority to make such indorsement,

And the cause of action set out in the complaint was the said bill of exchange which they sought to recover against the drawer, without stating anything respecting who indorsed it, but would necessarily have to make title through the indorsement, *held* inconsistent with the affidavits.

Since the amendment of § 204 of the Code, a motion to vacate an order of arrest may be made *after* the defendant has perfected bail, and any time before judgment.

*New York Special Term, July,* 1861.
MOTION to vacate order of arrest.

JAMES T. BRADY, *for motion.*
WILLIAM H. SCOTT, *opposed.*

LEONARD, Justice. An order of arrest in an action on contract may be granted upon facts entirely independent of those necessary to be stated in the complaint.

There is no inconsistency in such an action, to obtain an order of arrest on affidavits showing that the seller parted with his goods or his money on false and fraudulent representations made by the purchaser as to his pecuniary circumstances, while the complaint alleges only a loan of money or a sale and delivery of goods, which remain unpaid.

No order of arrest should be granted, however, in an action on contract, where the statements in the complaint are inconsistent with material allegations contained in

the affidavits, upon which the order of arrest is founded. (*Stelle* agt. *Palmer*, 7 *Abb. P. R.*, 181.)

The ground of arrest set out in the affidavits upon which the order of arrest was obtained in this case, is that the defendant, Isaac D. Harmon, falsely represented that J. L. Huse was authorized to indorse the name of C. L. Harmon on a certain bill of exchange for $3,200, payable to the order of C. L. Harmon, whereby the plaintiffs were induced to discount the said bill, and alleging that Huse had no authority to indorse the name of C. L. Harmon.

The cause of action set out in the complaint is the said bill, upon which the plaintiffs seek to recover against Isaac D. Harmon, as the drawer thereof. Nothing is stated in the complaint tending to show that C. L. Harmon or any one else has ever indorsed the bill; but it is plain that the plaintiffs can never recover on this bill without making title through the said indorsement as genuine or made by the authority of C. L. Harmon, express or implied.

Isaac D. Harmon moves to vacate the order of arrest on affidavits showing that Huse indorsed the name of C. L. Harmon with full authority, or at least under such circumstances as will fully establish his liability. The defendant does not desire to take issue on this indorsement. On the contrary his defence against the charge of fraud consists wholly in averring the obligatory character of the indorsement.

It follows that the plaintiffs may obtain judgment against Isaac D. Harmon, as the drawer of this bill of exchange, on his admission of the indorsement by default in pleading, or by his answer to the complaint, notwithstanding their assertion in the affidavits on which the order of arrest has been granted, that the indorsement of the payee was made without authority.

In my opinion it is impossible that the plaintiffs can be permitted to insist when they apply for an order of arrest, that the indorsement is without authority, and the indorser

not liable thereon, and at the trial, or by their complaint, claim that it is a genuine indorsement. Such inconsistencies would be a reproach to the administration of justice.

The plaintiffs' counsel suggests that the defendant will be estopped at the trial from denying the authority of Huse to make the indorsement, the defendant having induced the plaintiffs to discount the bill by an assertion of its validity.

If we admit that the defendant would be so estopped, I think we may as justly assert that the plaintiffs are estopped from denying its validity, after having asserted it in their complaint or before the court at a trial, or after asserting its validity in any legal proceeding where such assertion would be to their advantage.

There is, also, the greatest reason to doubt whether the indorsement was in fact made without authority.

The only evidence to show want of authority is the statement of the indorser, who has the greatest interest to deny his liability.

Huse, who made the indorsement, states that he was authorized.

Enough is shown to render it still more doubtful whether, if Huse were not actually authorized to indorse this particular bill, the defendant did not fully believe that he was so authorized. Huse had frequently indorsed such bills with the knowledge of C. L. Harmon, and without any objection on his part.

The plaintiffs' counsel objects that a motion to vacate an order of arrest cannot be made after the defendant has given and perfected bail.

This objection seems to be unfounded since the last amendment of section 204, authorizing the motion to be made at any time before judgment.

The motion to vacate is granted, with $10 costs of motion to the defendant, to abide the judgment.