ENGELAGE *et al. v.* RAYMOND.

*(Common Pleas of New York City and County, General Term.   April 4, 1892.)*

1. ARREST IN CIVIL CASES—AFFIDAVIT—SUFFICIENCY.
    The affidavit to obtain an order of arrest showed that defendant bought goods from plaintiffs, representing the purchase to be for a woman previously the proprietress of the store to which the goods were sent; that defendant had married her, and thereafter conducted the business in her former name, and the goods were really for himself; and that he had sold all the stock in trade, and refused to pay plaintiffs. *Held*, that a disposal of his property with intent to defraud his creditors was shown, such as would sustain an order for his arrest.

2. SAME—VACATING ORDER—REVIEW ON APPEAL.
    Although the order of arrest in such case purports to have been granted for fraud in incurring the debt, and the complaint does not set forth the facts as to the cause of action in the same way as the affidavit, if a motion to vacate the order of arrest is made on the ground that no cause of action was shown and no ground of arrest stated in the papers on which the order of arrest was granted, an order denying such motion will not be reversed on appeal, as the appellate court can consider only the grounds presented to the court below.

3. SAME.
    On a motion to vacate an order of arrest made on defendant's affidavit denying the grounds of arrest alleged, where he is contradicted by a further affidavit as to admissions made by him, the decision of the city court of New York on the question of fact thus presented will not be reviewed on appeal to the court of common pleas.

Appeal from city court, general term.

Action by George H. Engelage and George Liss against Warren Raymond for goods sold and delivered. Defendant appeals from an order of the general term of the city court affirming an order of that court denying a motion to vacate an order of arrest. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*Sweeney & Cromwell,* for appellant.   *Edward L. Frost,* for respondents.

DALY, C. J.   Several grounds for vacating the order of arrest are suggested by the appellant in his brief, but we are confined to the consideration of those irregularities enumerated in his notice of motion, and thus brought to the attention of the court below.   Rule 37, and cases cited in Hun's Notes. Aside from the unsubstantial objection that all the papers on which the order of arrest was granted are not specified in the order, which is not pressed in the appellant's brief, the grounds presented for vacating the order are (1) that no cause of action in favor of the plaintiffs against the defendant is shown by the complaint or other papers on which the order of arrest was granted; (2) that no sufficient grounds of arrest are stated in said complaint or other papers on which said order of arrest was granted.   This specification excludes the consideration of the objection that the cause of action stated in the complaint is inconsistent with the cause of action stated in the affidavit for arrest, held to be a fatal objection to the order, (*Oil Co.* v. *Woodman*, 1 Hun, 639; *Wicker* v. *Harmon*, 12 Abb. Pr. 476;) or the objection that the ground of arrest stated in the affidavit or the complaint is different from that recited in the order, which might be equally fatal, (rule 13; Code, § 568;) or the objection that the complaint fails to state a sufficient cause of action, as required by section 549 of the Code, (Code, § 558.)   Upon this appeal from the city court we must hold the defendant confined to his own enumeration of irregularities, and, if we find that the complaint or other papers on which the order of arrest was granted discloses any cause of action in favor of the plaintiffs against the defendant, or any ground of arrest, hold that the motion to vacate the order was properly denied.   Taking the affidavit for arrest alone, it appears that the defendant bought goods to the amount of $184.05 from the plaintiffs, representing the purchase to be for one M. Pitt; that these goods were really for defendant; that M. Pitt, formerly the proprietress of the store 2257 Amsterdam avenue, to which the goods were sent, had become his wife before the purchase of the goods, and that he conducted the business in her name after the marriage; that he failed to pay for the goods, and within 48 hours before the order of arrest was applied for had sold all the stock in trade at 2257 Amsterdam avenue, and refused to pay the plaintiffs, saying to the plaintiffs' salesman, who called upon him, "How much do you get?" and, upon deponent's answering, "$184.05," saying, "Let's see you get it."   A purchase by defendant for himself, though ostensibly for another, unquestionably makes him liable for the debt, and so a good cause of action upon contract is set forth against him; and the sale of his entire stock, and his refusal to pay in the manner described, leads inevitably to the conclusion that his disposal of his property was with intent to cheat his creditors out of their just demands.   An order of arrest may be issued for that cause, (Code, § 550, subd. 2,) and although it is not the ground of arrest stated in the order, which purports to have been granted for defendant's fraud in incurring the debt, (Code, § 549, subd. 4,) the defendant has not made that objection to the order, the irregularity he complains of being that the papers show no ground of arrest whatever.   The complaint does not set forth the facts as to the cause of action in the same way that they appear in the affidavit, but rather leaves it doubtful whether the plaintiffs do not intend to pursue defendant for inducing a sale to M. Pitt by false representations, but it may be said that the allegations in the complaint are consistent with a claim against the defendant upon an implied contract.   *Assumpsit* lies for the value of goods which a defendant by fraud induced the plaintiffs to sell to an insolvent person, and obtained subsequently for his own benefit.   1 Amer. & Eng. Enc. Law, 884, note 1.   But, as we have said, the objection of inconsistency between the complaint and the affidavit was not taken by the motion. The defendant would hold the plaintiffs strictly to all the requirements of practice, and must be held to the same strictness himself.

Upon the merits of the case, as presented by the affidavits upon the motion to vacate the order of arrest, it is enough to say that a question of fact was

presented to the city court which it was called upon to decide, and its decision thereon is not open to review here, there being evidence of facts legitimately tending to establish the conclusion at which the city court arrived. *Morris* v. *Talcott*, 96 N. Y. 100; *Stringfield* v. *Fields*, 13 Daly, 171. It appears from the affidavits that, although defendant denied having purchased the goods from the plaintiffs, or having conducted the business ostensibly carried on by his wife, or having sold it out, he was contradicted by the purchaser who bought it from him two days before the order of arrest was issued, and to whom he admitted that he had owned it for many months previous. The order should be affirmed, with costs. All concur.